UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | No. 24-cr-174 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Don Dejuan Lee, Jr., | |
| Defendant. | |

---

The Defendant, Don Dejuan, Lee, Jr. objects to the Report and Recommendation (R&R) issued by Magistrate Judge Schultz (ECF No. 58), finding that Mr. Lee's Motion to Suppress should be denied. For the reasons described below, the R&R is accepted in full and Mr. Lee's Motion to Suppress (ECF No. 26) is **DENIED**.

**I.    DISCUSSION**

Mr. Lee moves to suppress evidence seized from 105 Carmel Avenue West, Apartment 208, in West St. Paul, on the grounds that the search warrant was based on an insufficient showing of "nexus," meaning probable cause that evidence of contraband would be found in the apartment. The warrant was issued by Judge Iverson Landrum in Dakota County District court on February 14, 2024, based on an affidavit prepared by Deputy Lukas Eitreim. Gov. Mot. H'rng. Ex. 1 (the "Warrant"). Following Mr. Lee's Motion, Judge Schultz reviewed the relevant case law and the affidavit submitted in support of the warrant, and determined that nexus was adequately established. This Court agrees.

**A.    Legal Standard**

To protect an individual's Fourth Amendment right against unreasonable searches and seizures, a search warrant may issue only if an officer is able to establish probable cause to search

a particular area, for particular items. U.S. Const., amend. IV. An officer's affidavit in support of a search warrant must include facts specific enough to lead a "prudent person to believe" that there is a fair probability that the sought after items will be found in the named place. *United States v. Notman*, 831 F.3d 1084, 1088 (8th Cir. 2016) (quoting *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In other words, "there must be evidence of a nexus between the contraband and the place to be searched. . . ." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). An issuing judge considers the totality of circumstances when deciding whether there is probable cause to permit a search. *Gates*, 462 U.S. at 238. In a later challenge to the validity of a warrant, a reviewing court looks to the four corners of the affidavit when considering whether it established probable cause for the warrant to issue. *United States v. Juneau*, 73 F.4th 607, 614 (8th Cir. 2023). And the reviewing court must give deference to the probable cause finding of the issuing judge. *United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020) ("As a reviewing court, we pay 'great deference' to the probable cause determinations of the issuing judge or magistrate, and our inquiry is limited to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed.").

### B. Sufficient Nexus

The R&R here concluded that there was sufficient nexus between the suspected drug dealing and the Carmel Avenue apartment.[1] (R&R at 7). This Court agrees for several reasons. First, this Court agrees with the findings of Judge Schultz that the positive alert from a dog sniff established an adequate tie between the address and the evidence sought, namely evidence of drug distribution. (R&R at 6–7). And as explained below, Eighth Circuit case law supports a general

---

[1] Magistrate Judge Schultz and the search warrant affidavit both set forth the relevant facts. The facts will not be restated in full here.

2

inference that a suspected drug dealer will keep drug contraband at their residence. *United States v. Norey*, 31 F.4th 631, 637 (8th Cir. 2022). Taking these aspects of the affidavit together, it was appropriate for the issuing judge to determine that evidence of contraband or contraband would be found at the Carmel Avenue address.

### The Dog Sniff

The Eighth Circuit has plainly held that a positive alert by a drug-detecting canine is sufficient to find probable cause. *United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999). A canine alert is considered reliable if the affidavit specifically affirms that the dog is "certified to detect drugs." *Id*. "A dog is presumptively reliable at detecting illicit drugs—and its alert establishes probable cause for a search—if the dog has satisfactorily completed a bona fide certification or training program." *United States v. Collier*, 116 F.4th 756, 761 (8th Cir. 2024) (citing *Florida v. Harris*, 568 U.S. 237, 246–47 (2013)). Here, the affidavit specified that the drug dog, Kya, "is certified by NAPDWA. Kya is trained to be alert to the odor of various narcotics . . .," and that she alerted outside of apartment 208 (the "Warrant" at 5). Kya's certified skills and the organization of certification were both described. Her positive alert, therefore, was on its own sufficient to establish probable cause to believe that the address would contain contraband.

### Residence and Drug Activity

In addition to the positive dog sniff, other facts tie Mr. Lee to suspected drug dealing and to the apartment at Carmel Avenue. The Eighth Circuit has upheld the presumption that evidence of drug-related crimes is likely to be found at the residence of a drug dealer. An officer and a judge "may logically infer that a drug dealer would store contraband at his residence." *Norey*, 31 F.4th at 637 (*quoting United States v. Mayweather*, 993 F.3d 1035, 1041 (8th Cir. 2021)). Additionally, "[a]s a matter of common sense, it is logical to infer that someone in possession of valuable

3

contraband would store that contraband in a safe, accessible location such as his or her residence." *United States v. Carpenter*, 341 F.3d 666, 671 (8th Cir. 2003).

Here, there is certainly probable cause that Mr. Lee was selling drugs. For instance, Deputy Eitreim used a CRI to organize a controlled purchase of fentanyl from Mr. Lee. Mr. Lee and the CRI agreed on a pre-determined location to meet. During the buy, "detectives kept the CRI assisting in the purchase under constant physical surveillance to and from the buy location. Once the controlled purchase of fentanyl was complete your affiant met again with the CRI who turned over the illegal narcotics. . . ." (the "Warrant" at 3).

Officers also determined that Mr. Lee resided at Carmel Avenue West. First, Officers saw Mr. Lee drive a Dodge Durango to 1242 Hazelwood Street. (the "Warrant" at 5). Then, that same Durango was also seen outside the Carmel Avenue apartment. *Id*. at 5. Additionally, geolocation evidence indicated that Mr. Lee was spending the nights at the Carmel Avenue address. And the management of the apartment told Deputy Eitreim that Mr. Lee rented apartment 208 at the Carmel Avenue location, but he did so under the alias of Richard Goodnow. *Id*. at 4. These facts are sufficient to believe that Mr. Lee was trafficking drugs, that he resided at the Carmel Avenue West address, and that he rented the apartment under an alias.

Because there is sufficient evidence that Mr. Lee resides at the Carmel Avenue address and probable cause that he is selling drugs, the inference of nexus allowed in this Circuit is appropriate. On this point as well, the Court agrees with the R&R. (R&R at 9).

**C.      Objections**

Mr. Lee raises numerous objections to the R&R. Though most are addressed in the above discussion, two merit further discussion. First, Mr. Lee argues that the warrant did not provide adequate specific information about Kya's credentials to satisfy the requirements of *Sundby*. But

4

the Court disagrees. Judge Schultz correctly determined that the affidavit from Deputy Eitreim sufficiently detailed the dog's certifications and abilities to identify the odor of narcotics. While the affidavit may not have spelled out the full name of the North American Police Work Dog Association, the initials were enough to communicate a legitimate certifying entity. And Mr. Lee points to no authority for the idea that using an abbreviation for a certifying agency undermines probable cause.

Second, Mr. Lee points to a Sixth Circuit decision to support his argument that the affidavit failed to establish specific probable cause for the Carmel Avenue address. *United States v. Brown*, 828 F.3d 375 (6th Cir. 2016). But not only is *Brown* not binding on this Court, it likely runs afoul of the presumption in Eighth Circuit law described above that there is generally probable cause to search the known residence of a suspected drug dealer. And *Brown* is distinguishable on its facts as well. The *Brown* case does not require suppression here.

### D.  Good Faith Exception

Even had the Court shared Mr. Lee's concerns about the warrant, the Court would nonetheless deny the Motion to Suppress based on the good faith exception from *United States v. Leon*, 468 U.S. 897 (1984). When an officer acts with "objectively reasonable reliance," on a warrant issued by a judge, the evidence seized by that officer will not be excluded. *Id. at* 922. Judge Schultz properly determined that even if there was insufficient probable cause for the judge to issue the warrant, and that the good faith rule would allow the admission of the evidence seized at the Carmel Avenue address. (R&R at 8). This Court agrees.

### II.  ORDER

For the reasons laid out above, **IT IS HEREBY ORDERED THAT** Mr. Lee's Objections are overruled, the Report and Recommendation is accepted, and the Motion to Suppress is denied.

Date: April 29, 2025					*s/ Katherine M. Menendez*
							Katherine M. Menendez
							United States District Judge